774

UNITED STATES of America,
v.
Louis LIPSHITZ, Defendant.

Crim. No. 43152.

United States District Court
E. D. New York.

Feb. 27, 1957.

Goldstein, Judd & Gurfein, New York City, by Orrin G. Judd, New York City, for Louis Lipshitz, Sally Savitsky and Barnett Savitsky, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Warren Max Deutsch, Asst. U. S. Atty., New York City in opposition.

RAYFIEL, District Judge.

On March 12, 1953 an indictment was filed in the office of the Clerk of this Court charging, in substance, that on or about March 15, 1947 the defendant, in violation of Section 145(b) of Title 26 U.S.Code, had attempted to evade part of the income tax due and owing by him for the year 1946.

On July 10, 1953 the defendant, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C., moved, *inter alia*, for an order suppressing certain evidence, and directing the return of certain records, papers and documents described in the affidavit submitted in support of said motion. The application was based on the defendant's claim that the said records, papers and documents were obtained by the Government in violation of his rights under the 4th and 5th Amendments of the Constitution of the United States.

An extensive hearing was held and considerable evidence, both oral and documentary, received. The hearing disclosed, among other things, that a Revenue Agent, jointly engaged with at least one Special Agent in the investigation of the criminal aspects of the case, had visited the offices of the Louis Lipshitz Dress Company seventy-nine times, and examined its books and records and

obtained information therefrom, on most, if not virtually all such occasions without the consent or knowldege of the defendant. The hearing also revealed that a Government Agent, acting under orders of a Special Agent, made copies of or extracts from the said books and records, and prepared several hundred so-called work sheets containing information acquired therefrom. In conformity with my decision on said motion I made an order, D.C., 132 F.Supp. 519, suppressing all evidence thus obtained relating to the accounts of or sales to three certain South African concerns in said order named, and precluding the use thereof by the United States of America in any proceeding against the defendant.

On January 15, 1957 the United States Attorney caused subpoenas to be served upon Sally Savitsky and Barnett Savitsky, commanding each of them to appear before a United States Grand Jury for this District to testify in the case of United States v. Louis Lipshitz, and to bring with them "all books, records, correspondence, letters, checks, bank statements, invoices, contracts, and any and all other records pertaining to Louis Lipshitz Dress Co., New York, for the years 1943 through and including the year 1946." A motion has now been made on behalf of the defendant and the Savitskys to quash the said subpoenas.

In the main, movants' claim is that the subpoenas constitute an abuse of the process of the court, and that their use as a means of obtaining evidence is violative of the defendant's rights under the 4th and 5th Amendments of the Constitution of the United States.

The Government disputes those claims, maintains that the Savitskys, having been subpoenaed to testify as witnesses before the Grand Jury, may not question or challenge its process, and, further, that the defendant, not having been served with a subpoena, has no standing whatsoever herein.

The Government's statement of the general principles respecting the powers of the Grand Jury and the secrecy of its proceedings is inapposite. It cannot be disputed that the issuance of subpoenas by a Grand Jury, commanding prospective witnesses to appear before it to testify in a proceeding under consideration by it, is a proper exercise of its investigative functions, but I do not believe that that is the Government's objective here. I think it is fair to assume, and the Government's supporting affidavit makes it quite clear, that the proposed testimony of the Savitskys is merely incidental to the principal purpose sought to be accomplished through the subpoenas, viz., the examination of the books, records, etc., of Louis Lipshitz Dress Company. It will be noted that 1946 is the last year covered by the books and records referred to in the subpoenas. The defendant has already been indicted for attempted evasion of his income taxes for that year, and the prosecution of the defendant for any other alleged crime which may be revealed by said books and records, or by the testimony of the Savitskys relating thereto, would be barred by the Statute of Limitations.

It would appear, then, that there is no other purpose in seeking the inspection of the books and the testimony of the Savitskys than the preparation of the instant case for trial. That, of course, is not a function of the Grand Jury, on whose behalf the subpoenas were issued.

As hereinabove stated, the Government has already had extensive access to the books and records referred to in the subpoenas. As has also been stated, this Court made an order suppressing certain evidence respecting accounts and transactions of the Louis Lipshitz Dress Company because it had been illegally obtained. To allow the Government to again have access to those very books and records would be tantamount to nullifying the said order.

The Government's contention that Rule 17(c), Fed.Rules Crim.Proc. is authority for the issuance of the subpoenas by the Grand Jury under the circumstances which obtain here is en-

tirely without merit. The cases cited by the Government are either inapposite or are ·factually distinguishable from the case at bar. As to the Government's contention that Louis Lipshitz has no standing herein, his position as the defendant bespeaks his interest in the application.

█ From the foregoing, and from the statements contained in the affidavit and memorandum submitted by the Government, respecting the objective which it seeks to effect through the books and records and the testimony of the Savitskys, I am satisfied that the subpoenas in question constitute an abuse of the process of this Court.

Accordingly, the motion to quash the subpoenas is granted.

Settle order on notice.